CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ABRAHAM IRAHETA, | ) |
| Plaintiff, | ) Case No. 7:22-cv-00420 |
| v. | ) **MEMORANDUM OPINION** |
| MR. STREEVAL, *et al.*, | ) By:   Hon. Thomas T. Cullen |
| Defendants. | )       United States District Judge |

Plaintiff Abraham Iraheta, proceeding *pro se,* filed this civil-rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against various corrections officials at U.S.P. Lee and against the Director of the Federal Bureau of Prisons. (*See* Am. Compl. [ECF No. 21].) Plaintiff claims that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by their deliberate indifference to his health and safety and "unnecessary and wanton infliction of pain." (*Id.* at 3–8.) Plaintiff also claims Defendants violated the Eighth Amendment by their deliberate indifference to his medical needs. (*See id.*) This action is now before the court for review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## I.    BACKGROUND

In his amended complaint, Plaintiff alleges that Defendants Streeval, Anderson, Hamilton, Collins, and "other prison officials" recklessly placed him in a situation with other inmates that created a substantial risk of serious harm to Plaintiff. (*Id.* 3–4.) He claims that "prison official(s)" did not take reasonable measures to guarantee his safety during a transfer to a different facility and that he was placed in a holding cell with other inmates from whom

he had separation orders in place. (*Id.* at 4–5.) Plaintiff alleges that, during the transfer, he was restrained with handcuffs, a belly chain, and shackles and was put in a holding cell with other inmates who were supposed to be restrained. (*Id.* at 5.) But one of the inmates was not restrained, and that inmate struck Plaintiff multiple times, resulting in injuries to his head and right hand. (*Id.*) Plaintiff alleges that it took "prison official(s)" roughly five minutes to arrive and intervene. (*Id.*) He alleges that his injuries could have been prevented if "prison official(s)" had properly restrained the other inmate, had been adequately supervising the inmates in the holding cell, and/or Plaintiff was not placed in the cell with inmates from whom he should have been separated. (*Id.* at 5–6.) He further claims that "the director of the Bureau of Prisons and the director of the Mid-Atlantic region had knowledge of this substantial risk of serious harm due to an event that occurred within the institution that led to a national lockdown." (*Id.* at 4.)

Plaintiff also claims that "the medical personnel" were deliberately indifferent to his serious medical needs when they left his hand in a cast for three months when he should only have been in the cast for five weeks. (*Id.* at 2, 7.) He alleges he was never taken to a scheduled doctor's appointment to have the cast removed and was transferred before the cast was taken off when he should have been placed on a medical hold until the cast could be taken off. (*Id.* at 7–8.) He claims the extended time in the cast and subsequent lack of physical therapy has resulted in lasting mobility issues that will affect his work after he is released. (*Id.*)

## II.  STANDARD OF REVIEW

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, when a party, like Plaintiff has requested permission to proceed *in forma pauperis*, the court must dismiss a case upon determining that the action "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." *Id.* ¶ 1915(e)(2)(B).

### III.  ANALYSIS

**A.  Eighth Amendment Failure to Protect Claim**

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and its progeny, the Supreme Court recognized an implied cause of action for damages against federal officers based on the violation of certain constitutional rights. *Goldey v. Fields*, 606 U.S. 942, 942 (2025). In recent decades, the Supreme Court has repeatedly refused to extend *Bivens* to cover additional constitutional violations, explaining that, "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Id.* at 942–43 (quoting *Egbert v. Boule*, 596 U.S. 482, 486 (2022)); *see also Egbert*, 596 U.S. at 491 ("[R]ecognizing a cause of cation under *Bivens* is a disfavored judicial activity." (citations omitted)).

When faced with a proposed *Bivens* claim, a court engages in a two-step inquiry to decide whether the claim is cognizable. *Egbert*, 596 U.S. at 492. First, the court asks "whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Id.* (citations and internal quotation

marks omitted). If so, the court proceeds to the second step and asks whether there are any "'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (citations and internal quotation marks omitted). If such special factors are present—"[i]f there is even a single reason to pause before applying *Bivens* in a new context"—the court cannot recognize a *Bivens* remedy. *Id.* (citations omitted).

The Supreme Court has never recognized a *Bivens* remedy for excessive-force claims brought under the Eighth Amendment. *See Goldey*, 606 U.S. at 942. And earlier this year, the Supreme Court held that an Eighth Amendment excessive-force claim brought by a federal inmate against federal corrections officers presented a new *Bivens* context and that "'special factors' counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations." *Id.* at 944. The Court reasoned that "Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." *Id.* (citations omitted). It further reasoned that "extending *Bivens* to allow an Eighth Amendment claim for excessive force could have negative systemic consequences for prison officials and the 'inordinately difficult undertaking' of running a prison." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)). Finally, the Court explained that the existence of an alternative remedial structure for aggrieved federal prisoners "counsels against allowing *Bivens* suits even if such 'procedures are not as effective as an individual damages remedy.'" *Id.* at 944–45 (quoting *Egbert*, 596 U.S. at 498).

Similarly, the Supreme Court has never recognized a claim that would extend *Bivens* to Eighth Amendment failure-to-protect or failure-to-intervene claims and extend liability to

- 4 -

corrections officers for harm imposed by other inmates. And lower courts, especially in light of *Egbert* and *Goldey*, have repeatedly refused to recognize a *Bivens* cause of action for such claims. *See Bulger v. Hurwitz*, 62 F.4th 127, 138–42 (4th Cir. 2023) (holding that Eighth Amendment claim based on prison official's failure to protect inmate from prisoner-on-prisoner violence arose in a new *Bivens* context and that special factors counseled against extending *Bivens* to that context); *Washington v. Fed. Bureau of Prisons Cent. Off./Gen. Couns.*, No. 3:23-CV-515, 2025 WL 2699937, at *8 (M.D. Pa. Sept. 22, 2025) ("[T]he Supreme Court has never recognized an Eighth Amendment claim arising from a correctional officer's failure to intervene."); *Harris v. Fed. Bureau of Prisons*, No. 2:23-CV-06282-DCC-MGB, 2025 WL 2551583, at *9 (D.S.C. July 18, 2025), *report and recommendation adopted*, No. 2:23-CV-06282-DCC, 2025 WL 2550517 (D.S.C. Sept. 4, 2025) ("Plaintiff's attempted Eighth Amendment claims based on failure to protect also cannot proceed. . . . Plaintiff's claims again involve a new context to which courts have not extended a *Bivens* remedy."); *Fields v. Fed. Bureau of Prisons*, No. 24-2329, 2025 WL 2409060, at *2 (3d Cir. Aug. 20, 2025) ("[E]xtending *Bivens* to allow Eighth Amendment claims for . . . failure to protect would substantially burden prison operations."); *Fisher v. Hollingsworth*, 115 F.4th 197, 208 (3d Cir. 2024) ("Applying *Egbert*, we hold that no constitutional claim lies against federal officials who fail to protect a prisoner from the violence of other inmates.").

The court agrees with those courts in finding that Plaintiff lacks any cognizable *Bivens* claim based on Defendants' alleged failure to protect Plaintiff from force used by another inmate. Such a claim presents a new *Bivens* context and the same special factors foreclosing an Eighth Amendment excessive-force claim foreclose any related failure-to-protect or intervene

claims, namely that Congress has heavily regulated this area and has not created a cause of action for damages on behalf of federal prisoners, extending *Bivens* to failure-to-protect claims could yield negative systemic consequences for prison administration, and there is an alternative remedial structure in place. *See Goldey*, 606 U.S. at 944–45. For these reasons, Plaintiff has failed to state a claim against any Defendant based on their failure to protect him from harm from other inmates.

**B. Eighth Amendment Deliberate-Indifference-to-Medical-Needs Claim**

As to Plaintiff's second claim, the Supreme Court has recognized a *Bivens* cause of action for certain Eighth Amendment claims based on deliberate indifference to an inmate's serious medical needs. *See Carlson v. Green*, 446 U.S. 14 (1980). *But see Bulger*, 62 F.4th at 138 (calling into doubt whether any Eighth Amendment deliberate-indifference-to-medical-needs claim exists where the lack of competent medical care did not result in the inmates death). Regardless of whether non-lethal failures to provide constitutionally adequate medical care can ever support a *Bivens* claim, Plaintiff allegations cannot support a viable deliberate-indifference claim against any Defendant. Although Plaintiff alleges in his amended complaint that his hand was kept in a cast for longer than necessary, he has not identified a single act of any Defendant that contributed to the alleged violation. (*See* Am. Compl. 3–8.) Earlier in this case, Plaintiff was informed that, to state a plausible claim under *Bivens*, he must sufficiently allege facts against or conduct committed by a named Defendant in order to proceed with his claims, and he was given a chance to amend his complaint to do so. (*See* Order, Oct. 28, 2022 [ECF No. 16].) Nevertheless, Plaintiff's amended complaint still fails to identify any specific unconstitutional conduct by a named Defendant concerning his medical treatment. To state

any claim for liability under *Bivens*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has not done so here, and thus his deliberate-indifference claims against Defendants must also be dismissed for failure to state a claim.

## IV. CONCLUSION

For these reasons, the court will **DISMISS** this action **WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim for which relief may be granted.

The clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 8th day of December, 2025.

>     */s/ Thomas T. Cullen*
>     HON. THOMAS T. CULLEN
>     UNITED STATES DISTRICT JUDGE